**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

METROPCS INC.,

    Plaintiff,

    v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

    Defendants.
_____/

No. C 02-3442 PJH

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

The motion to dismiss filed by defendants City and County of San Francisco and the San Francisco Board of Supervisors (collectively, "CCSF") came on for hearing on July 13, 2005 before this court. Plaintiff MetroPCS appeared through its counsel, Martin Fineman, and defendants appeared through their counsel, William Sanders. Having read all submitted papers and carefully considered the relevant legal authority, the court GRANTS the motion for the reasons stated at the hearing and set forth below.[1]

**BACKGROUND**

Plaintiff MetroPCS applied for conditional use permits ("CUPs") to install wireless telecommunication facilities at two locations in San Francisco ("CCSF"), one on Geary Street and one on city property at Pierce Street. CCSF denied MetroPCS's CUP application for Geary Street, and refused to lease the Pierce Street property to MetroPCS. MetroPCS has now sued for violation of the Telecommunications Act, 47 U.S.C. § 151 et seq. ("TCA") and the U.S. Constitution.

CCSF previously moved to dismiss the claims asserted under TCA § 332(c)(7) as to the Pierce Street location for lack of standing. That motion was granted.

---

[1] Pursuant to Civ. L.R. 7-13, this order may not be cited except as provided by Civ. L. R. 3-4(e).

1  The parties also filed cross-motions for summary judgment on the first cause of action
2  concerning the Geary Street site, which the court granted in part as to CCSF and denied in
3  part as to both parties, finding questions of fact as to whether CCSF's denial of the Geary
4  Street CUP prohibited or effectively prohibited the provision of wireless services.  That order
5  was then certified for interlocutory appeal.  The Ninth Circuit affirmed on all grounds, except as
6  to the question of whether CCSF unreasonably discriminated among wireless service
7  providers when it denied MetroPCS's application.  The Ninth Circuit found triable issues of
8  fact on that issue as well, and remanded for further proceedings.  MetroPCS v. City and
9  County of San Francisco, 400 F.3d 715 (9th Cir. 2005).
10  The parties now move to dismiss various other claims in the First Amended Complaint
11  ("FAC").  The parties have shifted their positions a number of times throughout the briefing of
12  this motion, but as it stands, CCSF challenges the following causes of action under Fed. R.
13  Civ. P. 12(b)(6): the second cause of action for federal preemption under TCA § 253(a); the
14  fourth cause of action for equal protection violations; the fifth cause of action for substantive
15  due process violations; and the seventh cause of action for violations of 42 U.S.C. § 1983.
16  The first cause of action is not at issue in this motion, the third cause of action was voluntarily
17  dismissed, MetroPCS concedes that the sixth cause of action may be dismissed, and the
18  eighth cause of action was voluntarily dismissed.  CCSF also withdraws its motion to dismiss
19  for lack of subject matter jurisdiction concerning MetroPCS's standing to pursue this litigation
20  concerning the Pierce Street site.

**DISCUSSION**

22  A. Legal Standard
23  A court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) for failure to state a claim
24  only where it appears beyond doubt that the plaintiff can prove no set of facts in support of the
25  claim which would entitle the plaintiff to relief.  See, e.g., Broam v. Brogan, 320 F.3d 1023,
26  1033 (9th Cir. 2003) (citations omitted).
27  B. TCA § 253(a)
28  In the second cause of action, MetroPCS claims that TCA § 253(a) preempts CCSF's

2

ability to deny it a lease for the Pierce Street site.[2] Section 253(a) states that: "No [local government or local requirements] may prohibit or have the effect of prohibiting the ability of any entity to provide interstate or intrastate telecommunications service." See also, e.g., City of Auburn v. Qwest Corporation, 260 F.3d 1160, 1176 (9th Cir. 2001). This section bars local governmental policies prohibiting telecommunication services, whereas § 332 bars specific decisions made by a local government with the same effect. Id. MetroPCS's second cause of action, however, does not allege any overall anti-telecommunications policy by CCSF. See FAC ¶¶ 43-46.

CCSF claims that MetroPCS holds by implication that all preemption remedies under the TCA are found at § 332 and therefore, § 253(a) does not preempt CCSF's denial of MetroPCS's request to lease the Pierce Street site. In MetroPCS, the Ninth Circuit examined the "delicate regulatory balance" of the TCA, and concluded that "the TCA itself fully accommodates [MetroPCS's] preemption concerns in its anti-discrimination [§ 332(c)(7)(B)(i)(I)] and anti-prohibition [§ 332(c)(7)(B)(i)(II)] provisions." 400 F.3d at 735. See also TCA § 332(c)(8)(A) (preserving local government's right to regulate zoning). In light of the fact that the only matter at issue in the FAC is CCSF's specific decision to deny MetroPCS's lease, the court reads the Ninth Circuit as holding that MetroPCS cannot state a claim under § 253(a) based on the same predicate facts already pled in the § 332 claim.

The second cause of action is thus DISMISSED. However, the court will grant leave to amend if MetroPCS can state facts supporting an allegation that CCSF has put in place a policy that prohibits or has the effect of prohibiting the provision of telecommunication services, as opposed to merely making decisions on MetroPCS's applications.

C. Constitutional Claims

As an initial matter, CCSF is correct that the fourth and fifth causes of action should be dismissed because they directly state violations of the 14th amendment. Because the Constitution itself does not provide for a private right of action, those claims should instead be

---

[2] This cause of action as pled does not allege that § 253(a) preempts the denial of the Geary Street CUP application.

3

brought under 42 U.S.C. § 1983.  See, e.g., Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979) (§ 1983 enacted to create private causes of action under the Constitution).  The motion to dismiss those claims is thus GRANTED.  However, in the interests of efficiency, the court will proceed to evaluate the merits of those two claims as if they were properly pled under § 1983 as well.

### 1. Equal Protection

In the fourth cause of action, MetroPCS claims that CCSF violated its equal protection rights because CCSF denied their CUP applications and lease requests, while granting other wireless service providers CUPs or leases on the Pierce Street property.  MetroPCS claims that this does not meet even the standards of rational review.  This is a separate cause of action from the "unreasonable discrimination" claim of TCA § 332(c)(7)(B)(i)(II).  See Airtouch Cellular v. City of El Cajon, 83 F.Supp.2d 1158, 1165-70 (S.D. Cal. 2000).

Where state action does not implicate a fundamental right or suspect classification, MetroPCS can establish an equal protection claim by demonstrating that it "[has] been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Squaw Valley Dev. Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir. 2004), quoting Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

At the hearing, CCSF claimed that it was unaware of any standard allowing for a showing of pretext, but "in this circuit [the Ninth], it is clearly established that a plaintiff may pursue an equal protection claim by raising a triable issue of fact as to whether the defendants' asserted rational basis was merely a pretext for differential treatment." Squaw Valley, 375 U.S. at 945-46 (citations omitted).  To the extent that CCSF claims that no such pretext exists, and that there was indeed a rational basis for its actions, those arguments are more appropriately raised on summary judgment.

Here, when liberally construing the complaint as required under 12(b)(6) review, MetroPCS has pled facts sufficient to show that it was intentionally treated differently from other wireless service providers similarly situated to it, and that there was no rational basis for this difference in treatment.  The claim is therefore viable and leave to amend the fourth cause

4

of action as arising under § 1983 is GRANTED.

### 2. Substantive Due Process

Next, MetroPCS claims that its substantive due process rights were violated because the denial of its applications was arbitrary and capricious. However, as a matter of law, a plaintiff cannot assert a substantive due process claim if another constitutional provision provides identical protection. Armendariz v. Penman, 75 F.3d 1311, 1325-26 (9th Cir. 1996). MetroPCS's substantive due process claim is identical to its equal protection claim (that there was no rational basis for the denial of the CUP applications) – and in fact, MetroPCS claimed in its papers and at the hearing that its substantive due process claim was based on its equal protection claim. The substantive due process claim is thus equivalent to MetroPCS's equal protection claim and is DISMISSED without leave to amend.

### 3. § 253(a)

Finally, MetroPCS claims that the violation of TCA § 253(a) creates a private right of action under 42 U.S.C. § 1983. The Ninth Circuit has not yet reached this issue. However, the Tenth Circuit in Qwest v. City of Santa Fe, 380 F.3d 1258, 1266 (10th Cir. 2004), found upon review of the TCA legislative history that § 1983 did not create a private right of action under § 253, holding that "[s]ection 253 contains nothing analogous to the language of the rights-creating statutes noted by the Supreme Court," and concluding that "[t]here is, therefore, no clear manifestation of congressional intent to create a federal right [under § 1983] through § 253." Given the Supreme Court's stated reluctance to create new rights under § 1983, the soundness of the reasoning in Qwest, and the fact that there is no cause of action under § 1983 for TCA § 332(c), this court declines to analogously extend § 1983 to find a cause of action for violations of TCA § 253. See, e.g., City of Rancho Palos Verdes v. Abrams, 125 S. Ct. 1453, 1458 (2005) (no cause of action under § 1983 for violations of TCA § 332(c)(7)); Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 107-108 (1989). See also Sprint Telephony PCS, L.P. v. County of San Diego, C 03-1398 BTM, slip op. at 21-26 (S.D. Cal., July 8, 2005) (detailing status of case law on this issue). The seventh cause of action is DISMISSED, without leave to amend.

D. Conclusion

CCSF's motion to dismiss is GRANTED.

The motion to dismiss is GRANTED as to the second cause of action under TCA § 253(a), with leave to amend. Leave to amend this cause of action is limited to adding allegations, if possible, that CCSF has implemented a policy which prohibits or has the effect of prohibiting MetroPCS's ability to provide telecommunication services.

The motion to dismiss is GRANTED as to the fourth cause of action for violation of equal protection, with leave to amend. Leave to amend this cause of action is limited to stating that this cause of action arises under 42 U.S.C. § 1983.

The motion to dismiss the fifth cause of action for violation of substantive due process and the motion to dismiss the seventh cause of action for a § 1983 violation of TCA § 253(a) are GRANTED, without leave to amend. MetroPCS also concedes that the sixth cause of action may be dismissed as well. These allegations may not be repled in the amended complaint.

The parties shall first meet and confer, and then MetroPCS shall file its second amended complaint within 30 days of the filing of this order. This order fully adjudicates the matter listed at no. 78 on the clerk's docket for this case.

**IT IS SO ORDERED.**

Dated: July 15, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge