United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

METROPCS INC., a Delaware Corporation,

    Plaintiff,

    v.

THE CITY AND COUNTY OF SAN FRANCISCO, CALIFORNIA, and THE BOARD OF SUPERVISORS OF THE CITY AND COUNTY OF SAN FRANCISCO,

    Defendants.
_____/

No. C 02-3442 PJH

**ORDER DENYING MOTION TO ALTER, AMEND, OR CLARIFY JUDGMENT**

Plaintiff's motion to alter, amend, or clarify the judgment, or for a new trial, came on for hearing before this court on August 9, 2006. Plaintiff, MetroPCS, Inc. ("plaintiff"), appeared through its counsel, Martin L. Fineman. Defendants, the City and County of San Francisco and the Board of Supervisors of the City and County of San Francisco (collectively "defendants"), appeared through their counsel, William K. Sanders. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES plaintiff's motion, for the reasons stated at the hearing, and summarized as follows.

Plaintiff's motion fails to make the requisite showing for alteration, amendment, or clarification of the court's June 16, 2006 judgment under Federal Rules of Civil Procedure 52, 59, or 60. Plaintiff fails to establish any manifest error of law or fact contained in the relevant Findings of Fact and Conclusions of Law, point to newly discovered evidence or an intervening change in controlling law, or otherwise establish that the instant motion is necessary to prevent manifest injustice. Rather, plaintiff's motion is directed at rearguing

the arguments raised by plaintiff at trial with respect to the "least intrusive" element of MetroPCS' effective prohibition claim. This is an improper attempt to have the court reconsider its prior ruling, and the court hereby denies plaintiff's motion.

In so doing, however, the court also makes the following observations. First, with respect to plaintiff's arguments regarding the court's discussion of the community opposition factor, plaintiff's characterization of the court's decision as establishing a rule that a plaintiff can only prevail on the "least intrusive" inquiry if it does not face any community opposition, is incorrect. The court's decision, read correctly, considered community opposition as only *one* of the factors bearing on the "least intrusive" inquiry, and stated that, by the time MetroPCS' appeal was heard by the City, the community opposition to the proposed site was "significant."

Second, plaintiff's interpretation of the court's ruling on the "least intrusive" inquiry with respect to MetroPCS' alternative site analysis report is equally misguided. The court's ruling does not, as plaintiff argues, require a plaintiff to prove that every alternative site is not technologically feasible or that the proposed site is the "only viable option," a standard that has been expressly considered and rejected by the Ninth Circuit in <u>MetroPCS v. The City and County of San Francisco</u>, 400 F.3d 715, 734 (9th Cir. 2005). The court's ruling merely stated that the alternative site analysis report submitted by MetroPCS does not actually establish that the proposed site was truly the least intrusive compared to the alternative sites listed in the report, given Ms. Nahmanson's testimony regarding the "technological feasibility" designation contained therein and the fact that the report was compiled to satisfy engineering needs.

Plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

Dated: August 18, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge